**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
**RODNEY ALLEN STOVALL,**

                **Plaintiff,**                            **OPINION & ORDER**

        - against -                                1:16-cv-05129-NG

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF**
**SOCIAL SECURITY,**

                **Defendant.**
------------------------------------------------------------X

**GERSHON, United States District Judge:**

       This is a Social Security benefits action. After plaintiff Rodney Stovall filed a motion for judgment on the pleadings, counsel for both parties agreed to a stipulated remand, pursuant to "sentence four" of 42 U.S.C. § 405(g), reversing the denial of plaintiff's claim for social security disability insurance ("SSD") benefits and supplemental security income ("SSI") benefits and remanding the case for further administrative proceedings. On September 8, 2017, this court entered a judgment accordingly.

       Presently before me is an unopposed motion for attorney's fees by Kenneth Hiller, plaintiff's counsel. He seeks $29,142.00, pursuant to 42 U.S.C. § 406(b)(1)(A), on the condition that he refund to plaintiff $6,111.00 in Equal Access to Justice Act ("EAJA") fees that counsel previously received. The fee requested amounts to a de facto hourly rate of $902.23 for 32.3 hours expended litigating this matter. Defendant Commissioner of Social Security does not oppose the Motion but asks the court to determine whether the Motion was timely filed, and the amount requested reasonable. After review, I issued an order, advising the parties that they should be

prepared to discuss several clarifying questions I had regarding the Motion at an upcoming court conference. At that conference, held January 4, 2022, counsel satisfactorily provided the clarification I was seeking.

For the reasons discussed below, the Motion is granted.

42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

As noted, on September 8, 2017, this court entered a judgment, pursuant to "sentence four" of 42 U.S.C. § 405(g), favorable to plaintiff, reversing the denial of SSD and SSI benefits and remanding the case for further administrative proceedings. On August 21, 2020, the Social Security Administration ("SSA") issued a letter awarding plaintiff past-due SSI benefits (the "SSI letter"). On September 2, 2020, the SSA issued a letter awarding plaintiff past-due SSD benefits in the amount of $116,568.00 and stating that 25%, or $29,142.00, would be withheld for attorney's fees (the "SSD letter"). Mr. Hiller represented at the conference that he received a copy of the SSD letter around the time that it was issued. However, in his Motion and at the conference, Mr. Hiller also represented that he did not receive a copy of the SSI letter until February 11, 2021.[1] Fourteen

---

[1] Counsel explained that the SSA mailed a copy of the SSI letter to the offices of the attorney who represented plaintiff in the administrative proceedings before an appeal was taken to this court. He received a copy of the SSI letter only after an individual from his firm reached out by email to the offices of that attorney. He attached to the Motion a copy of this email correspondence. Mr. Hiller did not represent plaintiff in the administrative proceedings after remand.

days after receiving a copy of the SSI letter—on February 25, 2021—he filed this Motion. Mr. Hiller represented that he was waiting to file the Motion until after he received the SSI letter because, if plaintiff were awarded additional past-due benefits, it may have factored into his decision as to the amount of attorney's fees to seek.

The timeliness of § 406(b) motions is governed by Federal Rule of Civil Procedure 54(d)(2)(B), *Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019), which requires that, unless a statute or a court order provides otherwise, a motion for attorney's fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). In *Sinkler*, the Second Circuit held that this fourteen-day limitations period does not begin to run when a district court enters a "sentence four" remand judgment, but is tolled. *Sinkler*, 932 F.3d at 88.

Here, defendant suggests in its Response that the Rule 54(d)(2)(B) limitations period should have begun to run from the time that *plaintiff*, not plaintiff's counsel, received the SSI letter and SSD letter, but defendant has made clear that it does not oppose the Motion as untimely and defers to the court's determination. Plaintiff's counsel argues that the limitations period should have begun to run from *his* receipt of the SSI letter on February 11, 2021.

I find the latter argument more persuasive. In *Sinkler*, the Second Circuit explained that Rule 54(d)(2)(B)'s limitations period is tolled "because parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id*. Thus, once "counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply" Rule 54(d)(2)(B)'s fourteen-day limitations period to a § 406(b) filing. *Id*. Here, Mr. Hiller did not know "the maximum attorney's fees that may be claimed" until he was in receipt of the SSI letter on February

3

11, 2021. Accordingly, his February 25, 2021 Motion was timely filed under Rule 54(d)(2)(B). *See Kraft v. Comm'r of Soc. Sec.*, 2021 WL 1540502, at *2 (W.D.N.Y. Apr. 20, 2021).

In any event, "district courts are empowered to enlarge [the Rule 54(d)(2)(B)] filing period where circumstances warrant." *Sinkler*, 932 F.3d at 89. The circumstances of this case—in particular, counsel's representation that he was waiting to file until he received notice as to whether plaintiff would be awarded past-due SSI benefits, which may have factored into his decision as to the amount of fees to seek—warrant an enlargement of the limitations period. *See Kraft*, 2021 WL 1540502, at *2.

For both independent reasons, the Motion was timely filed.

I turn now to the merits of the fee request. In § 406(b)(1)(A), Congress capped contingency fees at 25% of the claimant's past-due benefits and charged courts with ensuring that resulting fees are "reasonable." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). Courts in the Second Circuit consider various factors in assessing the reasonableness of a fee request. They include: 1) "the character of the representation and the result the representative achieved;" 2) "whether a claimant's counsel is responsible for undue delay;" and 3) "whether there was fraud or overreaching in the making of the contingency agreement." *Fields*, 24 F.4th at 849 (citing *Gisbrecht*, 535 U.S. at 808 and *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 372 (2d Cir. 1990)). In addition, a "district court must also consider whether a requested fee would result in a 'windfall' to counsel." *Id*. (citing *Gisbrecht*, 535 U.S. at 808 and *Wells II*, 907 F.2d at 372).

The Second Circuit in *Fields* recently clarified how district courts should determine whether a fee request is a "windfall" in order "to indicate the limits of the windfall factor." *Id*. at 854. In that case, the district court had reduced a fee award by more than half based "entirely on

its belief that a de facto hourly rate of $1,556.98—the requested fee of $40,170.00 divided by the 25.8 hours expended by [the law firm] in federal court—would result in an impermissible windfall." *Id*. at 851–52.  Here, similarly, the Commissioner of Social Security, who filed its brief before the Second Circuit's *Fields* decision, focuses its Response entirely on a comparison between the requested de facto hourly rate and comparable de facto hourly rates other courts in the Second Circuit have approved or disapproved in assessing the windfall factor.[2]

In *Fields*, however, the Second Circuit rejected this approach.  In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, it explained that "courts must consider more than the de facto hourly rate." *Fields*, 24 F.4th at 854.  The Second Circuit emphasized that its decision in *Wells II* and the Supreme Court's decision in *Gisbrecht* had "reinforced the primacy of contingency agreements in Social Security cases and rejected reliance on the lodestar method." *Id*. at 853.  The windfall factor cannot be treated "as simply the lodestar method by another name." *Id*. at 854.  *Fields* underscored the "role of contingency fees" in achieving the twin goals in Social Security cases of "getting parties who are disabled what they are owed while encouraging truly good lawyers to take on their cases." *Id*. at 849.  While a "contingency fee charged in any given winning case is likely to be high in relation to the hours actually spent on the case by the lawyer," "without contingency fees, people in need of good lawyers would often not be able to hire them." *Id*.

The Second Circuit set out four factors to assess whether a fee request is a "windfall:" 1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained

---

[2] Commendably, the government promptly filed a letter advising the court of the *Fields* decision when it was decided.

5

lawyers might take far longer to do;" 2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level;" 3) "the satisfaction of the disabled claimant;" and 4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55. Applying these factors, *Fields* reversed the district court's order and approved a de facto hourly rate of $1,556.98. *Id*. at 856.

Here, counsel's contingent fee agreement with plaintiff provided for 25% of the past-due benefits for services rendered in a federal district court. Counsel's fee request of $29,142.00 does not exceed that percentage. Indeed, Mr. Hiller represented at the conference that his attorney's fee request is even less than the 25% of past-due benefits that he is entitled to under his contingent fee agreement because he chose not to request any percentage of awarded past-due SSI benefits.

I, therefore, turn to the reasonableness of the fee request. There is no evidence of any fraud or overreaching in the making of the contingent fee agreement and counsel is not responsible for any undue delay. Counsel is experienced in social security law. He represents that he has handled thousands of administrative cases and hundreds of cases at the federal level in more than three decades of practice in social security law.

While Mr. Hiller did not represent plaintiff at the administrative level, he expended 32.3 hours litigating this matter before this court, including reviewing a 924-page administrative record, drafting a 19-page memorandum of law, and negotiating a stipulated remand. He expended most of these hours before it was certain that the government would stipulate to a remand. As a result of counsel's work, plaintiff was awarded substantial past-due benefits, including $116,568.00 in past-due SSD benefits, as well as continuing benefits. Plaintiff also does not object to counsel's fee request. Considering the four factors, including the windfall factors articulated in *Fields*, plaintiff's counsel's fee request is reasonable.

For the reasons set forth above, IT HEREBY IS ORDERED, that the Motion is GRANTED in the amount of $29,142.00, pursuant to 42 U.S.C. § 406(b)(1)(A).

FURTHER, plaintiff's counsel is directed to refund to plaintiff the $6,111.00 EAJA award within 14 days after receiving his § 406(b)(1)(A) award.

**SO ORDERED.**

_____/S/_____
**NINA GERSHON**
**United States District Judge**

March 16, 2022
Brooklyn, New York